IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                        )        CASE NO. 22-55948-sms
                                              )
LEONA F. THOMAS,                              )        CHAPTER 13
                                              )
        Debtor.                               )
                                              )
                                              )
                                              )
                                              )
_____ )
                                              )
NEWREZ LLC D/B/A SHELLPOINT                    )
MORTGAGE SERVICING,                           )        JUDGE: SAGE M SIGLER
                                              )
                                              )         CONTESTED MATTER
        Movant.                               )
                                              )
vs.                                           )
                                              )
LEONA F. THOMAS,                              )
EARNEST THOMAS, CODEBTOR                       )
K. EDWARD SAFIR, TRUSTEE                       )
        Respondents.                          )

### NOTICE OF MOTION TO ANNUL AUTOMATIC STAY AND CODEBTOR STAY NUNC PRO TUNC & REQUEST FOR FINDING PURSUANT TO 11 U.S.C. SECTION 362 (d)(4)

Please take notice that Movant has filed documents with the court to annul the automatic stay and co-debtor stay *nunc pro tunc*, and is seeking a finding pursuant to 11 U.S.C. Section 362 (d)(4).

PLEASE TAKE FURTHER NOTICE that the Court will hold an initial telephonic hearing for announcements on the Motion at the following number: (toll-free number:833-568-8864; meeting id 161 179 4270), at 10:15 a.m.  on September 27, 2022, in Courtroom 1201, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.

Matters that need to be heard further by the Court may be heard by telephone, by video conference, or in person, either on the date set forth above or on some other day, all as determined by the Court in connection with this initial telephonic hearing. Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Dated this:  8/24/2022

/s/A. Michelle  Hart Ippoliti
Michelle Hart Ippoliti, GA BAR NO.
334291
Attorney for Movant
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, Georgia 30076
678-281-6537
Michelle.Ippoliti@mccalla.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 22-55948-sms |
| LEONA F. THOMAS, | ) | |
| | ) | CHAPTER 13 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| NEWREZ LLC D/B/A SHELLPOINT | ) | |
| MORTGAGE SERVICING, | ) | JUDGE: SAGE M SIGLER |
| | ) | |
| | ) | CONTESTED MATTER |
| Movant. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LEONA F. THOMAS,  DEBTOR | ) | |
| EARNEST THOMAS, CODEBTOR | ) | |
| K. EDWARD SAFIR, TRUSTEE | ) | |
| Respondents. | ) | |

## MOTION TO ANNUL AUTOMATIC STAY AND CODEBTOR STAY *NUNC PRO TUNC* & REQUEST FOR FINDING PURSUANT TO 11 U.S.C. SECTION 362 (d)(4)

COMES NOW Movant and files this Motion to annul the Section 362 automatic stay and Section 1301 co-debtor stay *nunc pro tunc,* such that the foreclosure sale conducted on August 2, 2022, was not conducted in violation of the automatic stay or codebtor stay, and requests the Court enter a finding pursuant to 11 U.S.C Section 362 (d)(4), and shows the Court the following:

1.

Movant services the loan on certain real property in which Debtor claims an interest. Said real property is commonly known as **3410 Donegal Way, Snellville, Georgia 30039** (the "Property") and is security for a Promissory Note originated on December 10, 2012, in the principal amount of $308,302.00, for which Movant is an entity entitled to enforce said Note.

2.

The Borrowers on Movant's loan are ***Earnest Thomas and Leona F Thomas*** (herein "Borrowers") , with the first payment coming due under the terms of the Note on February 1, 2013.

3.

Without Movant's knowledge or permission and in violation of the Uniform Covenant No.18 of the Security Deed, the Borrowers deeded their ownership interest in the property to ***Donegal Way Trust, LLC, Jason Morton and Nu Alliance Company,*** and retaining an life estate interest for themselves by a Quitclaim Deed dated May 25, 2017 and recorded April 26, 2018, in the Gwinnett County property records (see attached **Exhibit A**). Without Movant's knowledge or permission and in violation of the Uniform Covenant No.18 of the Security Deed, ***Earnest Thomas and Leona F. Thomas*** then deeded their ownership interest/life estate in the property to ***Earnest Thomas and Leona Thomas Living Trust*** by a Quitclaim Deed dated December 9, 2021 and recorded December 9, 2021, in the Gwinnett County property records (see attached **Exhibit B**).

4.

This case was filed *pro se* on August 2, 2022 at 10:36A.M., with ***Leona Thomas*** signing the petition. Movant advertised in accordance with Georgia law for a non-judicial foreclosure sale to take place on the Property on August 2, 2022. Movant conducted its foreclosure sale without knowledge of the pending case.  The Property sold to an unrelated third party purchaser, Victor Warren Properties, Inc., for the sum of $400,000.00 at approximately 10:52 A.M. on August 2, 2022.  Movant's counsel was unaware of the instant case at the time the sale was held.  Upon confirmation of the pending bankruptcy case, Movant took no further steps, such as recording the foreclosure deed or any other ministerial tasks, and now files the instant Motion to annul the automatic stay and codebtor stay *nunc pro tunc* such that no

automatic stay or codebtor stay would have arisen at the filing of this case,  and thereby no violation of the automatic stay or codebtor stay would have occurred when the foreclosure was conducted on August 2, 2022, and also allowing Movant to proceed with the recording of its deeds to the third party purchaser and other ministerial sale related tasks.

5.

The loan held by Movant is seriously delinquent. The loan is currently due for the March 1, 2018, payment and is fifty-four (54) payments in arrears for a total of $99,435.46. The current unpaid principal balance is $275,352.19. The amount of unpaid interest is approximately $39,330.58. The approximate payoff on Movant's loan at the time of the foreclosure was $355,128.64.

6.

The automatic stay and codebtor stay should be annulled *nunc pro tunc* such that at the time this case was filed, no automatic stay or codebtor stay arose as to Movant or was in place at the time Movant conducted its foreclosure sale on August 2, 2022.

7.

Movant's loan has been subject to a string of abusive bankruptcy cases, baseless filings of Notices of Lis Pendens, and various property transfers, previously described, for little to no value, for the apparent sole purpose of evading foreclosure and preventing Movant from exercising its rights under state law as to its collateral. This is the fifth (5th) bankruptcy case filed affecting the Property. The prior cases are:

- **Chapter 7 Case number 18-57816-wlh** was filed *pro se* by Donegal Way Trust on May 7, 2018, which stopped the scheduling of any foreclosure sale, although Movant's predecessor had referred the loan to the undersigned's law firm to initiate foreclosure proceedings.  The Schedules list the borrowers as "codebtors" on Schedule H. The case was terminated without discharge on April 25, 2019.

- **Chapter 13 Case number 19-63912-jwc** was filed by *pro se* Earnest Thomas on September 3, 2019 to stop a September 3, 2019 foreclosure sale. Complete schedules were not filed and no 341 Meeting of Creditors was held.   The case was dismissed for Failure to File Information on October 22, 2019.

- **Chapter 13 Case number 20-62035-pmb** was filed *pro se* by Leona F. Thomas on February 3, 2020 to stop a February 4, 2020 foreclosure sale. The case was dismissed for Failure to make plan payments on June 11, 2020.

- **Chapter 13 Case number 22-51610-sms** was filed *pro se* Leona Thomas on February 28, 2022, in an attempt to stop the March 1, 2022 foreclosure sale. The case was dismissed for Failure to File Information on April 1, 2022.

- **The instant case** was filed *pro se* by Leona Thomas on August 2, 2022 in an attempt to stop a August 2, 2022 foreclosure sale.

8.

There does not appear to be any equity in the Property which could benefit the Estate. The 2021 Gwinnett County Tax Assessor value of the Property is $331,500.00.  Movant's estimated payoff at the time of the foreclosure was approximately $355,128.64. Movant is unaware of any other outstanding junior liens on the Property.

9.

This case was filed in bad faith for the sole purpose of thwarting Movant's right to foreclose. Debtor and Borrower have failed to make payments on the loan for over four (4) years and appear to have no intentions of making future payments. Debtor does not have the ability to propose and adhere to a feasible Chapter 13 Plan. The automatic stay and co-debtor stay in this case should be annulled *nunc pro tunc* and Movant and/or the third party purchaser should be allowed to enforce the Deed Under Power, and the Court should enter a finding pursuant to 11 USC Section 362(d)(4) such that no automatic stay or codebtor stay arises at the filing of any future bankruptcy for a period of two years, upon the recording of the Order in the Gwinnett County property records. Such extraordinary relief is necessary even upon the annulling of the automatic stay and codebtor stay to prevent Debtor and all others from attempting to stall the recovery of the Property.

10.

Movant prays that any Order granting this motion for relief be effective upon its entry, and not be stayed for ten (10) days after its entry, in accordance with Bankruptcy Rule 4001.

WHEREFORE, Movant prays:

(1)     That the Court grant this Motion and annul the automatic stay and co-debtor stay *nunc pro tunc* effective as of the date this case was filed and, upon granting, confirmation that the foreclosure sale conducted August 2, 2022, is not in violation of any automatic stay or codebtor stay,

(3)     That it and the third-party purchaser at the foreclosure sale be permitted to record and enforce the Deed Under Power, and to exercise any and all of its/their respective rights under Georgia law and the contract between the parties;

(4)     For a finding that this case was filed to delay, hinder and/or defraud this Creditor, as contemplated by 11 U.S.C. §362 (d)(4), such that no automatic stay shall arise as to Movant, its successors and assigns, in any other bankruptcy case filed by the Debtor, Borrowers or any other party claiming an interest in the Property for a period of two years from the entry of the Order.

(7)     That any Order granting this Motion be effective immediately upon its entry and not be stayed for ten days after its entry in accordance with Bankruptcy Rule 4001;

(8)      For an award of reasonable attorney's fees and costs;

(9)      For such other and further relief as is just and equitable.

Respectfully submitted,

*/s/A. Michelle  Hart Ippoliti*
Michelle Hart Ippoliti, Bar No. 334291
Attorney for Movant
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, Georgia 30076-2102
(678) 281-6537 – phone & fax

Bankruptcy Case No. 22-55948-sms
Chapter 13
Judge: Sage M Sigler

<u>CERTIFICATE OF SERVICE</u>

I,  Michelle Hart Ippoliti, of McCalla Raymer Leibert Pierce, LLC, Bankruptcy Department, 1544 Old Alabama Road, Roswell, Georgia 30076, certify:

That I am, and at all times hereinafter mentioned, was more than 18 years of age; that on the 24th day of August, 2022, I caused to be served a copy of the within MOTION TO ANNUL AUTOMATIC STAY AND CO-DEBTOR STAY NUNC PRO TUNC & REQUEST FOR FINDING PURSUANT TO 11 U.S.C. SECTION 362 (d)(4) and NOTICE OF MOTION TO ANNUL AUTOMATIC STAY NUNC PRO TUNC & REQUEST FOR FINDING PURSUANT TO 11 U.S.C. SECTION 362 (d)(4) filed in this bankruptcy matter on the following Respondent(s) by regular mail, with adequate postage affixed, unless another manner is indicated:

Leona F. Thomas                          (*pro se*)
3410 Donegal Street
Snellville, GA 30039

Earnest Thomas
3410 Donegal Street
Snellville, GA 30039

Donegal Way Trust LLC
P.O. Box 1859
Lithonia, GA 30058

Donegal Way Trust LLC
3410 Donegal Street
Snellville, GA 30039

Earnest Thomas And Leona Thomas
Living Trust
3410 Donegal Street
Snellville, GA 30039

Jason Morton
3410 Donegal Street
Snellville, GA 30039

Nu Alliance Company
3410 Donegal Street
Snellville, GA 30039

K. Edward Safir                                    (*via ECF notification*)
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.


Executed on      8/24/2022      By:    */s/A. Michelle  Hart Ippoliti*
                  (date)                MICHELLE HART IPPOLITI, BAR NO. 334291
                                        Attorney for Movant

EXHIBIT A

**Prepared By:**
NU ALLIANCE Co.
7000 Eunice Drive
Riverdale GA 30274

**After Recording Return To:**
NU ALLIANCE Co.
7000 Eunice Drive
Riverdale GA 30274

FILED & RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA.

**2018 APR 26   PM 4: 47**

RICHARD ALEXANDER. CLERK

PT-61 #007-2018-009955

GWINNETT CO. GEORGIA
REAL ESTATE TRANSFER TAX
$  O
RICHARD T. ALEXANDER, JR. CLERK OF
SUPERIOR COURT

-----------------------------------SPACE ABOVE THIS LINE FOR RECORDER'S USE-----------------------------------

Cross Reference: Deed Book 51868, Page 607
Gwinnett County, Georgia Records

## QUIT CLAIM DEED JOINT TENANCY WITH SURVIVORSHIP

THIS INDENTURE, made this 25th day of May, 2017 between
EARNEST THOMAS and LEONA THOMAS (hereinafter collectively referred to as
"Grantors"), and DONEGAL WAY TRUST, LLC, JASON MORTON and NU ALLIANCE
COMPANY as Joint Tenants with Right of Survivorship (hereinafter referred to as
"Grantees"), (the words "Grantors" and "Grantees" to include their respective heirs, legal
representatives, successors, and assigns where the context requires or permits);

### WITNESSETH: THAT

WHEREAS, the Grantors, as Joint Tenants with Right of Survivorship, currently own
that certain tract or parcel of land lying and being in Land Lot 15 and 18 of the 6th District of
Gwinnett County, Georgia, and being more particularly described in Exhibit A, attached
hereto and incorporated herein by this reference (hereinafter referred to as the
"Property"); and

WHEREAS, the express desire and intention of each of the Grantors is to sever such
Joint Tenancy, to eliminate any rights of survivorship held by any of the Grantors upon the death
of any of the other Grantors, and to convert their ownership of the Property to that of Tenants in
Common;

NOW, THEREFORE, in consideration of One Hundred and Ten Dollars ($17,500.00)
the premises and other good and valuable consideration in hand paid at and before the sealing
and delivery of these presents, the receipt and sufficiency whereof are hereby acknowledged,
Grantors hereby remise, convey, and forever QUITCLAIM unto Grantees, as Joint Tenants with
Right of Survivorship, all of Grantors' right, title, and interest in and to the Property;

20

TOGETHER WITH Grantors' interest in all buildings, structures, and improvements thereon and all rights, members, easements, and appurtenances appertaining to the Property and all right, title, and interest of Grantors in and to alleys, streets, and rights-of-way adjacent to or abutting the Property;

TO HAVE AND TO HOLD the Property to Grantees so that none of Grantors, jointly or severally, legal representatives or assigns, nor any person or persons claiming under any of the Grantors, shall at any time, by any means or ways, have, claim, or demand any right or title to the Property, or any rights thereof.

EXCEPTING AND RESERVING unto Grantor(s), a (50) percent interest in all oil, gas, and other minerals, including gravel, clay, coal, sand and scoria presently owned by the estate.

EXCEPTING AND RESERVING unto Grantor(s) a life estate interest in the above described real estate on the terms listed below.

## TERMS OF LIFE ESTATE

Grantor shall retain the right to use, occupy and possess the real estate described herein for the remainder of the Grantor's life. Grantor shall have full power to use and dispose of the entire distributable income from said real property and shall be responsible for payment of real estate taxes thereon.

The life tenant shall have the right to execute leases, geophysical exploration agreements, and perpetual easements and grants of right of way shall be binding upon the remainder estate. The life tenant shall receive all royalties, rents, leases, geophysical exploration, easement, and right of way payments paid on account of the land during his lifetime. Grantor may commit waste on the premises if he desires to do so.

Tax Parcel Number

Mail Tax Statements To:
M and M Marketing
3900 Crown Road SW 162611
Atlanta, Georgia 30274

*[SIGNATURES BEGIN ON THE FOLLOWING PAGE]

## SCHEDULE A

ALL THAT TRACT OR PARCEL OF LAND LYING, AND BEING IN LAND LOT 15

and 18 OF THE 6TH DISTRICT, GWINNETT COUNTY, GEORGIA, BEING LOT 4,

BLOCK "B" OF LOCHWOLDE SUBDIVISION, UNIT III, AS PER PLAT

RECORDED IN PLAT BOOK 42, PAGE 43, GWINNETT COUNTY, GEORGIA

RECORDS, WHICH PLAT IS INCORPORATED HEREIN BY REFERENCE AND

MADE A PART OF THIS DESCRIPTION. SAID PROPERTY BEIGN KNOWN AS

3410 DONEGALWAY ACCORDING TO THE PRESENT SYSTEM OF

NUMBERING PROPERTY IN GWINNETT COUNTY, GEORGIA.

PARCEL ID NUMBER:
SUBJECT TO ANY EASEMENTS OR RESTRICTIONS OF RECORD.

BK55844 PG0735

IN WITNESS WHEREOF, Grantors have signed and sealed this deed, the _25_ day, _MAY_ month and year _2017_ first above written.

GRANTOR SIGNATURE:

*Earnest Thomas*

EARNEST THOMAS
3410 DONEGAL WAY
SNELLVILLE, GA 30039

*Kayla Row*
Witness

*Dhanie Doss*
Witness

STATE OF _Georgia_ , COUNTY OF _Clayton_ , ss:

On this _25th_ day of _May_ , _2017_ , before me, _LaTangya C. Millsip_ , personally Earnest Thomas, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument and acknowledged that they executed the same as for the purposes therein contained.

In witness where of I hereunto set my hand and official seal.

_LaTangya C. Millsip_
Notary Public

_Corporate Notary_
Title (and Rank)

My commission expires _7/12/21_

Notary Public

[Seal]

*Notary seal: LATANGYA CASEDRA MILLSIP / NOTARY PUBLIC / CLAYTON CO., GEORGIA*

BK5584L PG0736

IN WITNESS WHEREOF, Grantors have signed and sealed this deed, the 25 day, May month and year 2017 first above written.

GRANTOR SIGNATURE:

*Leona Thomas* _____ (SEAL)

LEONA THOMAS
3410 DONEGAL WAY
SNELLVILLE, GA 30039

*Kayla Ross* _____        *Stephan i/Dorse* _____
Witness                                    Witness

STATE OF **Georgia** , COUNTY OF **Clayton** , ss:

On this **25th** day of **May** , **2017** , before me, **Latangya C. Millsip** , personally Leona Thomas, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument and acknowledged that they executed the same as for the purposes therein contained.

In witness where of I hereunto set my hand and official seal.

*Latangya C. Millsip* _____
Notary Public

*Corporate Notary* _____
Title (and Rank)

My commission expires **7/12/21**

_____
Notary Public

# EXHIBIT B

**DEED B: 59496 P: 00523**
**12/09/2021 04:02 PM Pgs: 2 Fees: $25.00**
**TTax: $0.00**
**Tiana P Garner, Clerk of Superior Court**
**Gwinnett County, GA**
**PT-61 #: 0672021043858**
**ERECORDED**
**eFile Participant IDs: 4773289342,**

........................ [ABOVE SPACE RESERVED FOR RECORDING DATA].....................
Return to:        Thomas Walters, PLLC, ATTN:  Tyler Toma
                  21 Eastbrook Bend, Suite 214, Peachtree City, Georgia 30269

## PREPARED WITHOUT TITLE OPINION

STATE OF GEORGIA
COUNTY OF GWINNETT

### QUITCLAIM DEED

This instrument made and entered into on this the 9th day of December 2021, by and between EARNEST THOMAS and LEONA F. THOMAS, hereinafter referred to as GRANTOR, and **EARNEST THOMAS** and **LEONA THOMAS**, Trustees, **EARNEST THOMAS AND LEONA THOMAS LIVING TRUST**, dated the 9th day of December 2021, hereinafter referred to as GRANTEE.

WITNESSETH

KNOW ALL MEN BY THESE PRESENT that Grantor, for and in consideration of Ten Dollars ($10.00) and other good and valuable consideration, the receipt whereof is hereby acknowledged, does hereby remise, convey and quitclaim unto the said Grantee forever all the right, title, interest, claim and demand which the said Grantor has in and to the following described lot, piece or parcel of land, situate, lying and being in Gwinnett County, Georgia, to-wit:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 15 AND LAND LOT 18, 6TH DISTRICT, GWINNETT COUNTY, GEORGIA, BEING KNOWN AS LOT 4, BLOCK B, UNIT III, LOCHWOLDE, AS PER PLAT RECORDED AT PLAT BOOK 42, PAGE 43, GWINNETT COUNTY, GEORGIA RECORDS. SAID PLAT BEING INCORPORATED HEREIN BY REFERENCE THERETO.

**Tax Parcel No: R6018 248**

IN WITNESS WHEREOF, Grantors have hereunto set their signatures, this 9th day of December 2021.

_Earnest Thomas_

EARNEST THOMAS

_Leona F. Thomas_

LEONA F. THOMAS

Signed, sealed, and delivered in our presence:

WITNESS

NOTARY PUBLIC, Ty Toma
My Commission Expires: 08/27/2024

TY TOMA
NOTARY
EXPIRES
GEORGIA
08/27/2024
PUBLIC
COWETA COUNTY

☐ **ORIGINAL**                          **NOTE**

Thomas
Loan #
MIN:
Case #

December 10, 2012                   **DULUTH**                          **Georgia**
  [Date]                             [City]                              [State]

3410 Donegal Way, Snellville, GA 30039
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **REAL ESTATE MORTGAGE NETWORK, INC.** and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of **Three Hundred Eight Thousand Three Hundred Two And 00/100** Dollars (U.S. **$308,302.00**), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of **Three And Three-Eighths** percent (**3.375%**) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on **February 1, 2013**. Any principal and interest remaining on the first day of **January, 2043**, will be due on that date, which is called the "Maturity Date."

### (B) Place

Payment shall be made at **499 Thornall Street, 2nd Floor, Edison, NJ 08837** or at such place as Lender may designate in writing by notice to Borrower.

### (C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. **$1,362.99**. This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

### (D) Allonge to this Note for payment adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box.]

☐ Graduated Payment Allonge      ☐ Growing Equity Allonge      ☐ Other [Specify] _____

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

Page 1 of 3                          FHA Multistate Fixed Rate Note - 07/11

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of 15 calendar days after the payment is due, Lender may collect a late charge in the amount of **Four** percent (**4.000%**) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

36.26                                      Page  2  of  3                                      FHA Multistate Fixed Rate Note - 07/11

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_Earnest Thomas_  12/10/12
- BORROWER - Earnest Thomas - DATE -

_Leora F. Thomas_  12/10/12
- BORROWER - Leona F Thomas - DATE -

*[Sign Original Only]*

WITHOUT RECOURSE, PAY TO THE ORDER OF:

REAL ESTATE MORTGAGE NETWORK, INC.

JOHANNA GREBELSKY, ASSISTANT SECRETARY

36.26                    Page 3 of 3                    FHA Multistate Fixed Rate Note - 07/11

BK 5 1 8 6 8  PG 0 6 0 7

FILED & RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

12 DEC 17  PM 2: 00

RICHARD ALEXANDER, CLERK

Prepared By
Agapi Covell
Real Estate Mortgage
Network, Inc.
499 Thornall Street, Floor 2
Edison, NJ 08837

When Recorded Mail To
Real Estate Mortgage
Network, Inc
70 Grand Avenue, Suite 109
River Edge, NJ 07661
201-498-9300

Return to:
Law Office of Rashfal &
Associates, LLC
130 Ketton Crossing
Duluth, GA 30097

GEORGIA INTANGIBLE TAX PAID
$ 925.50
RICHARD T ALEXANDER, JR.
SUPERIOR COURT GWINNETT
COUNTY, GEORGIA

[Space Above This Line For Recording Data]

## SECURITY DEED



```
Thomas
Loan
MIN
PIN
Case
```

THIS SECURITY DEED ("Security Instrument") is given on **December 10, 2012** The grantor is **EARNEST THOMAS AND LEONA F THOMAS, HUSBAND AND WIFE** ("Borrower") This Security Instrument is given to Mortgage Electronic Registration Systems, Inc ("MERS") (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as beneficiary MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P O Box 2026, Flint, Michigan 48501-2026, telephone (888) 679-MERS **REAL ESTATE MORTGAGE NETWORK, INC.**, is which is organized and existing under the laws of **NJ**, and whose address is **499 Thornall Street, 2nd Floor, Edison, NJ 08837** ("Lender") Borrower owes Lender the principal sum of **Three Hundred Eight Thousand Three Hundred Two And 00/100** Dollars (U S **$308,302.00**) This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on **January 1, 2043** This Security Instrument secures to Lender (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note, (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument, and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note For this purpose, Borrower does hereby grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS, with power of sale, the following described property located in **GWINNETT** County, Georgia

**SEE ATTACHED SCHEDULE A**

which has the address of **3410 Donegal Way, Snellville, Georgia 30039** ("Property Address"),

TO HAVE AND TO HOLD this property unto MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property All replacements and additions shall also be covered by this Security Instrument All of the foregoing is referred to in this Security Instrument as the "Property " Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the

ET
L.T.J.

38

1/17

## BK51868 PG0608

right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property

UNIFORM COVENANTS Borrower and Lender covenant and agree as follows

**1. Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note

**2. Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under Paragraph 4 In any year in which the Lender may pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, in a reasonable amount to be determined by the Secretary Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds "

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U S C section 2601 *et seq* and implementing regulations, 24 CFR Part 3500, as they may be amended form time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium

If the amount held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c)

**3. Application of Payments.** All payments under Paragraphs 1 and 2 shall be applied by Lender as follows

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium,

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums as required,

Third, to interest due under the Note,

Fourth, to amortization of the principal of the Note, and

$$\frac{ET}{2.7.2}.$$

## BK 51868 PG 0609

Fifth, to late charges due under the Note

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, ad in form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of the principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in Paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower and in to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear expected. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extend of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in Paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower

## BK 51868 PG0610

shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would
adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to
Lender receipts evidencing these payments

If Borrower fails to make these payments or the payments required by Paragraph 2, or fails to
perform any other covenants and agreements contained in this Security Instrument, or there is legal
proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy,
for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to
protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard
insurance and other items mentioned in Paragraph 2

Any amounts disbursed by Lender under this Paragraph shall become an additional debt of
Borrower and be secured by this Security Instrument These amounts shall bear interest from the date of
disbursement at the Note rate, and at the option of Lender shall be immediately due and payable

Borrower shall promptly discharge any lien which ash priority over this Security Instrument unless
Borrower (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to
Lender, (b) contests in good faith the lien by, or defends against the enforcement of the lien in, legal
proceedings which in the Lender's opinion operate to prevent the enforcement of the line, or (c) secures from
the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument,
Lender may give Borrower a notice identifying the lien Borrower shall satisfy the line or take one or more of
the actions set forth above within 10 days of the giving of the notice

**8. Fees.** Lender may collect fees and charges authorized by the Secretary

**9. Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary in the case of
payment defaults, require immediate payment in full of all sums secured by this Security
Instrument if
(i) Borrower defaults by failing to pay in full any monthly payment required by this Security
Instrument prior to or on the due date of the next monthly payment, or
(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations
contained in this Security Instrument
(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including
section 341(d) of the Garn-St Germain Depository Institutions Act of 1982, 12 U S C 1701j-3(d))
and with the prior approval of the Secretary, require immediate payment in full of all sums
secured by this Security Instrument if
(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property,
is sold or otherwise transferred (other than by devise or descent) and
(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or
the purchaser or grantee does so occupy the Property but his or her credit has not been approved
in accordance with the requirements of the Secretary
(c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in
full, but Lender does not require such payments, Lender does not waive its rights with respect to
subsequent events.
(d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary
will limit Lender's rights in the case of payment defaults, to require immediate payment in full and
foreclose if not paid This Security Instrument does not authorize acceleration or foreclosure if not
permitted by regulations of the Secretary
(e) **Mortgage Not Insured.** Borrower agrees that should this Security Instrument and the Note are
not to be eligible for insurance under the National Housing Act within **60 days** from the date
hereof, Lender may, at its option, require immediate payment in full of all sums secured by this
Security Instrument A written statement of any authorized agent of the Secretary dated
subsequent to **60 days** from the date hereof, declining to insure this Security Instrument and the

# BK 51868 PG0611

Note shall be deemed conclusive proof of such ineligibility Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary

**10. Reinstatement.** Borrower has a right to be reinstated if lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument This right applies even after foreclosure proceedings are instituted To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account currently including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorney's fees and expenses properly associated with the foreclosure proceeding Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full However, Lender is not required to permit reinstatement if (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately proceeding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument

**11. Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of Paragraph 9(b) Borrower's covenants and agreements shall be joint and several Any Borrower who co-signs this Security Instrument but does not execute the Note (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument, (b) is not personally obligated to pay the sums secured by this Security Instrument, and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provisions To this end the provisions of this Security Instrument and the Note are declared to be severable

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous substances on or in the Property Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law The preceding two

## BK 51868 PG 0612

sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law

As used in paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection

NON-UNIFORM COVENANTS Borrower and Lender further covenant and agree as follows

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower This assignment of rents constitutes an absolute assignment and not an assignment for additional security only

If Lender gives notice of breach to Borrower (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument, (b) Lender shall be entitled to collect and receive all of the rents of the Property, and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its right under this Paragraph 17

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower However, Lender or a judicially appointed receiver may do so at any time there is a breech Any application of rents shall not cure or waive any default or invalidate any other rights or remedy of Lender This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full

**18. Foreclosure Procedure.** If Lender requires immediate payment in full under Paragraph 9, Lender may invoke the power of sale granted by Borrower and any other remedies permitted by applicable law Borrower appoints Lender the agent and attorney-in-fact for Borrower to exercise the power of sale Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorney's fees and costs of title evidence

If Lender invokes the power of sale, Lender shall give a copy of a notice of sale to Borrower in the manner provided in paragraph 13 and shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place under the terms designed in the notice of sale in one or more parcels and in any order Lender determines Lender or its designee may purchase the Property at any sale

Lender shall convey to the purchaser indefeasible title to the Property, and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such a conveyance The recitals in the

## BK 51868 PG 0613

Lender's deed shall be prima facie evidence of the truth of the statements made therein  Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order  (a) to all expenses of the sale, including, but not limited to, reasonable attorney's fees, (b) to all sums secured by this Security Instrument, and (c) any excess to the person or persons legally entitled to it  The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by law

If the property is sold pursuant to this paragraph 18, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale  If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U S C  3751 *et seq* ) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act  Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law

**19. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument without charge to Borrower  Borrower shall pay any recordation costs

**20. Waiver of Homestead.** Borrower waives all rights of homestead exemption in the Property

**21. Assumption not a Novation.** Lender's acceptance of an assumption of the obligations of this Security Instrument and the Note, and any release of Borrower in connection therewith, shall not constitute a novation

**22. Security Deed.** This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby

**23. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument

The Following Rider(s) are to be executed by Borrower and are attached hereto and made a part thereof [check box as applicable]

☐ Condominium Rider                ☐ Growing Equity Rider           ☐ Adjustable Rate Rider
☒ Planned Unit Development Rider    ☐ Graduated Payment Rider
☒ Other(s) [specify] **Waiver of Borrower's Rights**

## BK51868 PG0614

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument

Earnest Thomas   12/10/12

- BORROWER - **Earnest Thomas** - DATE -

Leona F Thomas   12/10/12

- BORROWER - **Leona F Thomas** - DATE -

Signed, sealed and delivered in the presence of

Unofficial Witness

Notary Public
Fulton
~~GWINNETT~~ COUNTY
STATE OF **Georgia**
My Commission Expires   4/19/14

BK 51868 PG 0615

## PLANNED UNIT DEVELOPMENT RIDER

Thomas
Loan
MIN
Case

THIS PLANNED UNIT DEVELOPMENT RIDER is made this **10th** day of
**December, 2012**, and is incorporated into and shall be deemed to amend and supplement the
Mortgage, Deed of Trust or Security Deed ("Security Instrument") of the same date given by the
undersigned ("Borrower") to secure Borrower's Note ("Note") to **REAL ESTATE MORTGAGE
NETWORK, INC.** ("Lender") of the same date and covering the Property described in the Security
Instrument and located at **3410 Donegal Way, Snellville, GA 30039** [Property
Address] The Property Address is a part of a planned unit development ("PUD") known as
**LOCHWOLDE** [Name of Planned Unit Development]

**PUD COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows

A. So long as the Owners Association (or equivalent entity holding title to
common areas and facilities), acting as trustee for the homeowners, maintains,
with a generally accepted insurance carrier, a "master" or "blanket" policy insuring
the property located in the PUD, including all improvements now existing or
hereafter erected on the mortgaged premises, and such policy is satisfactory to
Lender and provides insurance coverage in the amounts, for the periods, and
against the hazards Lender requires, including fire and other hazards included
within the term "extended coverage," and loss by flood, to the extent required by
the Secretary, then (i) Lender waives the provision in Paragraph 2 of this Security
Instrument for the monthly payment to Lender of one-twelfth of the yearly

➾ 50 10                        Page 1 of 2                **FHA Multistate PUD Rider
6/96**

## BK 51868 PG 0616

premium installments for hazard insurance on the Property, and (ii) Borrower's obligation under Paragraph 4 of this Security Instrument to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy  Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage and of any loss occurring from a hazard  In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender for application to the sums secured by this Security Instrument, with any excess paid to the entity legally entitled thereto

**B.** Borrower promises to pay all dues and assessments imposed pursuant to the legal instruments creating and governing the PUD

**C.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them  Any amounts disbursed by Lender under this paragraph C shall become additional debt of Borrower secured by the Security Instrument  Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider

*Earnest Thomas 12/10/12*

- BORROWER - **Earnest Thomas** - DATE -

*Leona F. Thomas 12/10/12*

- BORROWER - **Leona F Thomas** - DATE -

## BK 51868 PG0617

After Recording Return To
Real Estate Mortgage Network,
Inc
70 Grand Avenue, Suite 109
River Edge, NJ 07661
ATTENTION

Law Office of Rashfal &
Associates, LLC
130 Ketton Crossing
Duluth, GA 30097

Prepared By
Agapi Covell
Real Estate Mortgage Network,
Inc.
499 Thornall Street, Floor 2
Edison, NJ 08837

## WAIVER OF BORROWER'S RIGHTS

Thomas
Loan
MIN
Case

GRANTOR **EARNEST THOMAS AND LEONA F THOMAS, HUSBAND AND WIFE**

LENDER **REAL ESTATE MORTGAGE NETWORK, INC.**

DATE OF SECURITY DEED **December 10, 2012**

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY (1) ACKNOWLEDGES THE **RIGHT TO
ACCELERATE** THE DEBT AND THE **POWER OF ATTORNEY** GIVEN HEREIN TO LENDER TO SELL
THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY
JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO
BE GIVEN UNDER THE PROVISIONS HEREOF (2) **WAIVES** ANY AND ALL RIGHTS WHICH GRANTOR
MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE
UNITED STATES THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES.
OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR
TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER.
EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED HEREOF. (3)
ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH
AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS
PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED
AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING
THIS DEED, (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR
HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A
BARGAINED FOR LOAN TRANSACTION, AND (5) AGREES THAT THE PROVISIONS HEREOF ARE
INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED

DocuTech Form 1086 (GA)
1009 15

Page 1 of 3

Rev 04/02

*ET*

## BK 51868 PG 0618

READ AND AGREED BY GRANTOR

*Earnest Thomas*  12/10/12
- BORROWER - **Earnest Thomas** - DATE -

*Leona F. Thomas*  12/10/12
- BORROWER - **Leona F Thomas** - DATE -

Signed, sealed and delivered in the presence of

_____
Unofficial Witness

_____
Notary Public

My Commission Expires   4/19/14



BK 5 1 8 6 8 PG 0 6 1 9

## CLOSING ATTORNEY'S AFFIDAVIT

Before the undersigned attesting officer personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows

In closing the above loan, but prior to the execution of the Deed to Secure Debt and "Waiver of the Borrower's Rights" by the Borrower(s), I reviewed with and explained to the Borrower(s) the terms and provisions of the Deed to Secure Debt and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with the "Waiver of Borrower's Rights" and informed the Borrower(s) of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower(s) of Borrower's rights After said review with and explanation to Borrower(s), Borrower(s) executed the Deed to Secure Debt and "Waiver of Borrower's Rights "

Based on said review with and explanation to the Borrower(s), it is my opinion that Borrower(s) knowingly, intentionally and willingly executed the waiver of Borrower's constitutional rights to notice and judicial hearing prior to any such nonjudicial foreclosure

Closing Attorney

Sworn to and subscribed before me on December 10, 2012

Notary Public

My Commission Expires  8/31/15

DocuTech Form 1086 (GA)
1009 15                          Page 3 of 3                          Rev 04/02

BK 51868 PG 0620

STATE OF GEORGIA

GRANTOR:   Earnest Thomas and Leona F. Thomas

LENDER:   Real Estate Mortgage Network, Inc.

DATE OF SECURITY DEED:   December 10th, 2012

## WAIVER OF BORROWER'S RIGHTS

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY: (1) ACKNOWLEDGES THE RIGHT TO ACCELERATE THE DEBT AND THE POWER OF ATTORNEY GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS HEREOF; (2) WAIVES ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED HEREOF; (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THIS DEED; (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED-FOR LOAN TRANSACTION; AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

READ AND AGREED BY GRANTOR:

Signed, sealed and delivered
in the presence of

_____          _____
Notary Public                                      Earnest Thomas

                                                        _____
                                                        Leona F. Thomas

### CLOSING ATTORNEY'S AFFIDAVIT

Before the undersigned attesting officer personally appeared the undersigned closing attorney, who having been first duly sworn according to law, states under oath as follows

In closing the above loan, but prior to the execution of the Deed to Secure Debt and "Waiver of Borrower's Rights" by the Borrower, I reviewed with and explained to the Borrower the terms and provisions of the Deed to Secure Debt and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with the "Waiver of Borrower's Rights" and informed the Borrower of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower of Borrower's rights  After said review and explanation to Borrower, Borrower executed the Deed to Secure Debt and "Waiver of Borrower's Rights "

Based on said review with and explanation to Borrower, it is my opinion that Borrower knowingly, intentionally and willingly executed the waiver of Borrower's constitutional rights to notice and a judicial hearing prior to any such nonjudicial foreclosure

Sworn to and subscribed before me on the date set above

_____          _____
Notary Public                                      Closing Attorney

### FORECLOSURE CLOSING DISCLOSURE

O C G A Section 7-1-1014(3) requires that we inform you that if you fail to meet any condition or term of the documents that you sign in

connection with obtaining a mortgage loan you may lose the property that serves as collateral for the mortgage loan through foreclosure

_____          _____
Earnest Thomas                                 Leona F. Thomas

BK 51868 PG 0621

Escrow File No.

EXHIBIT "A"

All that tract or parcel of land lying and being in Land Lot 15 and 18 of the 6th District, Gwinnett County, Georgia, being Lot 4, Block B, Lochwolde Subdivision, Unit III, as per plat recorded in Plat Book 42, Page 43, Gwinnett County, Georgia Records, which plat is incorporated herein by reference and made a part of this description. Said property being known as 3410 Donegal Way according to the present system of numbering property in Gwinnett County, Georgia.

Parcel ID Number:
Subject to any Easements or Restrictions of Record.

$\mathcal{L}.7.\partial.$
$\mathcal{E}T$

FILED AND RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

18 JUN 25  AM 8: 00

RICHARD ALEXANDER, CLERK

BK 5 5 9 6 4 PG 0 6 0 9

When Recorded Return To:
Cenlar FSB C/O Nationwide Title Clearing, LLC
2100 Alt. 19 North
Palm Harbor, FL 34683

## ASSIGNMENT OF SECURITY DEED

Regarding this instrument, contact Cenlar FSB, 425 Phillips Blvd, Ewing, NJ 08618, telephone # 1-800-223-6527, which is responsible for receiving payments.

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR REAL ESTATE MORTGAGE NETWORK, INC., ITS SUCCESSORS AND ASSIGNS, (ASSIGNOR), (MERS Address: P.O. Box 2026, Flint, Michigan 48501-2026) by these presents does convey, grant, assign, transfer and set over the described Security Deed with all interest secured thereby, all liens and any rights due or to become due thereon to HOMEBRIDGE FINANCIAL SERVICES, INC., A NEW JERSEY CORPORATION, WHOSE ADDRESS IS 194 WOOD AVE S, 9th Floor, ISELIN, NJ 08830 (877)495-4714, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).

Said Security Deed is executed by EARNEST THOMAS and LEONA F THOMAS to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR REAL ESTATE MORTGAGE NETWORK, INC., ITS SUCCESSORS AND ASSIGNS and recorded in Deed Book 51868 and Page 0607 in the office of the Clerk of the Superior Court of GWINNETT County, Georgia.
IN WITNESS WHEREOF, the undersigned has hereunto set its hand on 6 / 14 /2018 (MM/DD/YYYY).
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR REAL ESTATE MORTGAGE NETWORK, INC., ITS SUCCESSORS AND ASSIGNS

By: _____
Kristin Price
VICE PRESIDENT

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

_____
Tiffany Floyd    Witness

STATE OF FLORIDA    COUNTY OF PINELLAS
Sworn to (or affirmed) and subscribed before me, 6/14 /2018 (MM/DD/YYYY), by Kristin Price as VICE PRESIDENT for MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR REAL ESTATE MORTGAGE NETWORK, INC., ITS SUCCESSORS AND ASSIGNS. He/she is personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument.

_____
Cynthia Albano
Notary Public - STATE OF FLORIDA
Commission expire: 08/01/2020

CYNTHIA ALBANO
Notary Public - State of Florida
My Comm. Expires August 1, 2020
Commission # GG001352

Document Prepared By: Dave LaRose/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152

Richard T. Alexander, Jr., Clerk of Superior Court
Gwinnett County, GA

File No.:
Debtor: Earnest Thomas and Leona F Thomas

Return To: *MCCalla Raymer Pierce LLC*
1544 Old Alabama Road
Roswell, GA  30076

ASSIGNMENT

STATE OF
COUNTY OF

For value received, HomeBridge Financial Services, Inc. has this day transferred, sold, assigned, conveyed and set over to NewRez LLC, F/K/A New Penn Financial, LLC D/B/A Shellpoint Mortgage Servicing, whose address is 55 Beattie Place, Suite 110, Greenville, SC 29601, as Assignee, its successors, representatives and assigns, all its right, title and interest in and to a certain Security Deed (or Deed to Secure Debt) executed by Earnest Thomas and Leona F Thomas to Mortgage Electronic Registration Systems, Inc., as nominee for Real Estate Mortgage Network, Inc, its successors and assigns, dated December 10, 2012, recorded in Deed Book 51868, Page 607, Gwinnett County, Georgia Records.

Property Address: 3410 Donegal Way, Snellville, GA  30039

The Assignor herein specifically transfers, sells, conveys and assigns to the above Assignee, its successors, representatives and assigns, the aforesaid Security Deed, the property described therein, together with all the powers, options, privileges and immunities therein contained.

4

IN WITNESS WHEREOF, the Assignor has hereunto set its hand and seal this July 2, 2019.

Signed, sealed and delivered in the presence of:

NewRez LLC, F/K/A New Penn Financial, LLC
D/B/A Shellpoint Mortgage Servicing as Attorney in
Fact for

HOMEBRIDGE FINANCIAL SERVICES, INC.

POWER OF ATTORNEY
ATTACHED AS EXHIBIT 1

Unofficial Witness

Notary Public
My Commission Expires: 3/26/29

By: _____

Printed Name: Traci Luckhaupt

Title: Vice President

By: _____

Printed Name: Tiffani Kay

Title: Assistant Vice President

(Corporate Seal)
Witness the execution hereof by the Lender
through its duly authorized Attorney-in-Fact
New Penn Financial Services, Inc
whose appointment was published in Deed Book
_____, Page _____ Gwinnett County
Georgia Records

P/ATTY    Book: DE 2555 Page: 3070 - 3071
December 31, 2018   09:42:54 AM
Rec: $15.00
FILED IN GREENVILLE COUNTY, SC *(signature)*

### EXHIBIT C - LIMITED POWER OF ATTORNEY

HomeBridge Financial Services, Inc. ("Grantor") has engaged New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") to service a portfolio(s) of loans on Grantor's behalf (the "Assets") pursuant to that certain Servicing Agreement dated as of July 27, 2018 between Grantor and Shellpoint (the "Agreement"). Grantor provides this Limited Power of Attorney to Shellpoint to give Shellpoint the authority to service the Assets.

Now, therefore, Grantor does hereby constitute and appoint Shellpoint the true and lawful attorney-in-fact of Grantor and in Grantor's name, place and stead for the following purposes:

a.  receive, endorse and collect all checks or other instruments and satisfactions of Mortgage Loan or other security instruments;

b.  executing any re-assign or endorse any Mortgage, deed of trust, promissory note or other instrument related to the Mortgage Loans;

c.  correct any assignment, mortgage, deed of trust or promissory not or other instrument related to the Mortgage Loans;

d.  complete and execute lost note affidavits or other lost document affidavits related to the Mortgage Loans;

e.  issue title requests and instructions related to the Mortgage Loans;

f.  declare defaults with respect to a Mortgage Loan or Mortgaged Property;

g.  give notices of intention to accelerate and of acceleration and of any notice as reasonably necessary or appropriate;

h.  post all notices as required by law and the Mortgage Loan Documents, including the debt instruments and the instruments securing a Mortgage Loan in order to foreclose or otherwise enforce the security instruments;

i.  pursue appropriate legal action and conduct the foreclosure or other form of sale and/or liquidation, issue binding instructions with respect to such sale, executing all documents including all deeds and conveyances necessary to effect such sale and/or liquidation; *provided* that Servicer shall not initiate any action, suit or proceeding solely Client's name without indicating Servicer's representative capacity;

j.  conduct eviction or similar dispossessory proceedings;

k.  take possession of collateral on behalf of Client;

l.  execute any documents or instruments necessary for the offer, listing, closing of sale, and conveyance of Mortgaged Property by foreclosure or other process, including but not limited to grant, warranty, quit claim and statutory deeds or similar instruments of conveyance;

m.  execute any documents or instruments in connection with any bankruptcy or receivership of an obligor or mortgagor on a Mortgage Loan;

n.  file suit and prosecute legal actions against all parties liable for amounts due under a Mortgage Loan, including but not limited to, any deficiency amounts due following foreclosure or other acquisition or disposition of Mortgaged Property;

o.  execute all necessary documents to file claims with insurers on behalf of Client;

p.  assign, convey, accept, or otherwise transfer the interest in any Mortgaged Property on behalf of Client; and

q.  take such other actions and exercise such rights which may be taken by Client with respect to any Mortgaged Property, including but not limited to, realization upon all or any part of a Mortgage Loan or any collateral therefor or guaranty thereof.

Grantor further grants to Shellpoint as its attorney-in-fact full authority to act in any manner both proper and necessary to exercise the foregoing powers, and ratifies every act that Shellpoint may lawfully perform in exercising those powers by virtue thereof.

Exhibit A

This Limited Power of Attorney shall be effective as of the date executed below (the "Effective Date)."

This Limited Power of Attorney shall expire two (2) years from the Effective Date.

IN WITNESS THEREOF, Grantor has executed this Limited Power of Attorney this _13th_ day of _December_, 20_18_.

Grantor: _HomeBridge Financial Services, Inc._          Witnessed by:

By: _____                          1. _____

Name: _JOEL KATZ_

Title: _President_                                      2. _____

---

STATE OF _NEW JERSEY_          COUNTY OF _MIDDLESEX_

On this _13_ day of _December_ 20_18_, before me, the undersigned, a Notary Public in and for said State, personally appeared _JOEL KATZ_, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that he or she executed the same in his or her authorized capacity, and that by his or her signature on the instrument the entity, on behalf of which the person acted, executed the instrument.

(Seal)

Notary Public

LINDA I. KURDILLA
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 12/08/2020

DEED BK 56790 PG 0762
08/06/2019 05:00 PM Pgs: 1 Fees: $7.00

Richard T. Alexander, Jr., Clerk of Superior Court
Gwinnett County, GA

**GEORGIA**

COUNTY OF **GWINNETT**

WHEN RECORDED MAIL TO: ATTN: **KELLIE ROHLING, FIRST AMERICAN MORTGAGE SOLUTIONS, 1795 INTERNATIONAL WAY,** IDAHO FALLS, ID 83402, PH. 208-528-9895

# CORPORATE ASSIGNMENT

FOR VALUE RECEIVED, **HOMEBRIDGE FINANCIAL SERVICES, INC.**, located at **PO BOX 100050, KENNESAW, GA 30156-9202**, Assignor, does this day transfer, assign, convey, and deliver unto **NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING**, located at **55 BEATTIE PLACE, GREENVILLE, SC 29601**, Assignee, its successors, representatives, and assigns, all of Assignor's right, title, and interest in and to that certain Security Deed in the principal sum of **$308,302.00**, dated **DECEMBER 10, 2012**, executed by **EARNEST THOMAS AND LEONA F THOMAS, HUSBAND AND WIFE**, Original Grantor, to **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), AS NOMINEE FOR REAL ESTATE MORTGAGE NETWORK, INC., ITS SUCCESSORS AND ASSIGNS**, Original Grantee, and filed for record and recorded on **DECEMBER 17, 2012** in Deed Book **51868** at Page **0607** in the Office of the Clerk of the Superior Court in the County of **GWINNETT**, State of **GEORGIA**.

## AS DESCRIBED IN SAID SECURITY DEED

The Assignor herein specifically transfers, conveys and assigns to the above Assignee, its successors, representatives, and assigns the aforesaid Security Deed, the property described therein, together with all the powers, options, rights, privileges, and immunities contained therein on the undersigned.

IN WITNESS WHEREOF, the undersigned has caused this Instrument to be executed this ___7/11/19___ .

**HOMEBRIDGE FINANCIAL SERVICES, INC.**

**KELLIE ROHLING, SENIOR VICE PRESIDENT**

STATE OF **GEORGIA**          COUNTY OF **FULTON** ) ss.

SIGNED, SEALED, AND DELIVERED in the presence of the below named Notary Public, as an official witness and below named unofficial witness, on ___7/11/19___ , by **KELLIE ROHLING, SENIOR VICE PRESIDENT**, of **HOMEBRIDGE FINANCIAL SERVICES, INC.**

Notary Public/Official Witness:

**GEORGIA SELLEM (COMMISSION EXP. 04/11/2023)**
NOTARY PUBLIC

Unofficial Witness:

Logan Harlor , Witness

Page 1 of 1

MERS PHONE: 1-888-679-6377